# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN, | Case No. 1:18-cv-00531-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| FRESNO COUNTY SHERIFF'S OFFICE, et al., | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE |
| Defendants. | (ECF No. 9) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Kyle Petersen ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

**I.      Motion for Preliminary Injunction**

Currently before the Court is Plaintiff's motion for order to show cause, filed May 22, 2018. (ECF No. 9.) In his motion, Plaintiff states that he has been denied access to the Lexis Nexis kiosk at the Fresno County Jail because, pursuant to jail policy, there has been no ruling in this action that would require him to have access. Plaintiff therefore requests an order to show cause or other ruling from this Court that would grant him access to the legal research kiosk to research any applicable case law, statutes, constitutional provisions, and/or government codes that

1

| | |
|---|---|
| 1 | will assist him in his case.  (Id.) |
| 2 | The Court construes Plaintiff's motion, to the extent he seeks an order allowing him |
| 3 | access to the legal research kiosk, as a request for a preliminary injunction against the jail |
| 4 | officials at the Fresno County Jail. |
| 5 | **A.     Legal Standard** |
| 6 | "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter |
| 7 | v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a |
| 8 | preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to |
| 9 | suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his |
| 10 | favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction |
| 11 | may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation |
| 12 | omitted). |
| 13 | Federal courts are courts of limited jurisdiction and in considering a request for |
| 14 | preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it |
| 15 | have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); |
| 16 | Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. |
| 17 | 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no |
| 18 | power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 |
| 19 | U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find |
| 20 | the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation |
| 21 | of the Federal right, and is the least intrusive means necessary to correct the violation of the |
| 22 | Federal right." |
| 23 | Furthermore, the pendency of this action does not give the Court jurisdiction over prison |
| 24 | officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. |
| 25 | United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties |
| 26 | in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 |
| 27 | U.S. at 491−93; Mayfield, 599 F.3d at 969. |
| 28 | /// |

**B. Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any officials at Fresno County Jail, and it cannot issue an order requiring them to take any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. The Court notes that at this time, there are no pending orders requiring Plaintiff to file any responses or to conduct any research in this case. Plaintiff's complaint will be screened in due course, and the Court will provide Plaintiff with the relevant legal standards for any deficiencies identified in the complaint.

**II. Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for order to show cause, (ECF No. 9), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 23, 2018**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE