# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN, | Case No. 1:18-cv-00531-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| FRESNO COUNTY SHERIFF'S OFFICE, et al., | |
| | (ECF No. 15) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Kyle Petersen ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 2, 2019, the Court issued a screening order granting Plaintiff leave to file an amended complaint within thirty (30) days.  (ECF No. 15.)  The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (Id. at 6.)  Plaintiff's first amended complaint was due on or before February 4, 2019, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

1  **II.    Failure to State a Claim**

2      **A.    Screening Requirement**

3          The Court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

6  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

7  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

8  § 1915(e)(2)(B)(ii).

9          A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

13  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

14  true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc.,

15  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16          To survive screening, Plaintiff's claims must be facially plausible, which requires

17  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

18  for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S.

19  Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted

20  unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

21  plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

22      **B.    Plaintiff's Allegations**

23          Plaintiff is currently housed at the Fresno County Jail, where the events in the complaint

24  are alleged to have occurred.  It is unclear whether Plaintiff was a pretrial detainee at the time of

25  the events.  Plaintiff names the following defendants: (1) Fresno County Sheriff's Office;

26  (2) Corporal Richard Vasquez; (3) Deputy Timothy Lao; (4) Deputy Samrin Kong; (5) Deputy T.

27  Sims; (6) Deputy Vasquez; and (7) Corporal R. Figueroa.

28  ///

In Claim I, Plaintiff asserts a violation of his religious freedom under the Fourteenth Amendment. He alleges as follows:

> On 2-4-18, I was sitting in the dayroom . . . wearing my [chaplain] issued Sikh head covering. I was told by the officer in the tower to remove it. I explained to floors officers, Deputy Kong and Deputy Loa that the head covering was religious. As it was an off-white color, they told me to give it to them as they believed it to be a ripped sheet. I informed then that it was not a sheet but rather a religious head-covering and that it was on my "Alerts." I was met with disdain and indignation as they scoffed and told me that I was lying and that it was indeed a sheet. They confescated [sic] it. I then spoke to Corporal Richard Vasquez who told me that although I have a religious head-covering listed on my "Alerts," he knew that what I was wearing was not it. I informed him that this was a religious civil rights violation and both Corporal Vasquez and Deputy Loa laughed at me. My head-covering was thrown away and I was written up for it.

(ECF No. 1 at 3.)

In Claim II, Plaintiff asserts a violation of his freedom of religion under the Fourteenth Amendment. He alleges as follows:

> On 2-17-18 Deputy Vasquez ID# A998 . . . was serving chow to Dorm "D" with Deputy Sims. When Deputy Vasquez observed me wearing my [chaplain] issued Sikh head covering (I was given a new one by the [chaplain] after incident in Claim 1) he asked me to take it off and hand it to him. I told him No! I said no because the last time I removed my head-covering and handed it to a deputy, it was thrown away. Because I said no, Deputy Vasquez escorted me to the 4th Floor Gym. In the Gym, Deputy Vasquez asked me to hand him my head-covering. Once again, I said No! He [then] told me that I can either hand it to him or he can take it from me. I told him that he will have to take it from me, [then]. Deputy Vasquez snatched the head-covering off my head. I was then informed that Corporal Figueroa told them that because I drew a Khanda (the Sikh's religious symbol) on it so that I would no longer be [harassed], it was contraband. He claimed that anything modified was contraband, although the Inmate Orientation Handbook claim that it must also have the "intention of using the item in a manner that was not originally intended." My head-covering was once again thrown away and I was written up.

(ECF No. 1 at 4.) Plaintiff further alleges that he was afraid for his safety because when Deputy Vasquez snatched his head covering, he hit Plaintiff in the head. (Id.)

///

///

///

///

3

1    **C.    Discussion**

2         **1.    Linkage Requirement**

3    The Civil Rights Act under which this action was filed provides:

4    Every person who, under color of [state law] ... subjects, or causes to be
     subjected, any citizen of the United States ... to the deprivation of any rights,
5    privileges, or immunities secured by the Constitution ... shall be liable to the party
     injured in an action at law, suit in equity, or other proper proceeding for redress.
6

7    42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

8    the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See

9    Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

10   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

11   right, within the meaning of section 1983, if he does an affirmative act, participates in another's

12   affirmative acts, or omits to perform an act which he is legally required to do that causes the

13   deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14        Here, Plaintiff fails to link Defendant Sims to a constitutional violation.  At most,

15   Plaintiff's complaint alleges that Defendant Sims was serving chow with Defendant Deputy

16   Vasquez on February 17, 2018.

17        **2.    Fresno County Sheriff's Office**

18        "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a

19   right secured by the Constitution or laws of the United States was violated; and (2) that the

20   alleged violation was committed by a person acting under color of state law."  Campbell v.

21   Washington Dep't of Soc. Servs., 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing Ketchum v.

22   Alameda Cty., 811 F.2d 1243, 1245 (9th Cir.1987)).

23        Local law enforcement departments, like the Fresno County Sheriff's Office, are not

24   proper defendants under § 1983.  See Vance v. County of Santa Clara, 928 F.Supp. 993, 996

25   (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of

26   pleading a § 1983 action against a municipality.") (citation omitted); Powell v. Cook County Jail,

27   814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who

28   violates someone's constitutional rights 'under color of law.' Cook County Jail is not a

4

'person.'"); <u>Johnson v. Cty. of San Diego</u>, No. 3:18-cv-01846-LAB-RBB, 2018 WL 5630503, at *3 (S.D. Cal. Oct. 30, 2018) ("Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983.").

### 3.    Municipal Liability

To the extent Plaintiff intends to assert a claim against the County of Fresno itself, his allegations are insufficient.  Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." <u>Galen v. Cty. of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir. 2007); <u>City of Canton, Ohio, v. Harris</u>, 489 U.S. 378, 385 (1989). Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by Fresno County.

### 4.    Free Exercise of Religion

Convicted inmates "retain protections afforded by the First Amendment" including the right to "the free exercise of religion."[1] <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348 (1987) (citations omitted).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" <u>Shakur v. Schriro</u>, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)).

Here, Plaintiff's complaint fails to state a viable free exercise claim.  Plaintiff fails to allege that a substantial burden was placed on the practice of his religion.  According to the allegations, Plaintiff's head covering was confiscated on two occasions because the covering appeared to be a bed sheet or was otherwise altered from its original condition.  These isolated events are not sufficient to demonstrate substantial burden. <u>See, e.g.</u>, <u>Canell v. Lightner</u>, 143 F.3d

---

[1] It is unclear whether Plaintiff was a pretrial detainee at the time of the events alleged in the complaint.

1210, 1215 (9th Cir. 1998) (intrusions which are "relatively short-term and sporadic" do not

constitute a substantial burden). Plaintiff also admits that after his head covering was confiscated

on February 2, 2018, he was able to secure another covering from the chaplain.

### III.     Failure to Prosecute and Failure to Obey a Court Order

####      A.     Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

within the inherent power of the Court." District courts have the inherent power to control their

dockets and "[i]n the exercise of that power they may impose sanctions including, where

appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46

F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet,

963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987)

(dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779

F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

####      B.     Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his

case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against

1    dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d

2    639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

3    responsibility it is to move a case toward disposition on the merits but whose conduct impedes

4    progress in that direction," which is the case here.  In re Phenylpropanolamine (PPA) Products

5    Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

6          Finally, the Court's warning to a party that failure to obey the court's order will result in

7    dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262;

8    Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's January 2, 2019 screening

9    order expressly warned Plaintiff that his failure to file an amended complaint would result in a

10   recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

11   for failure to state a claim.  (ECF No. 15, p. 6.)  Thus, Plaintiff had adequate warning that

12   dismissal could result from his noncompliance.

13         Additionally, at this stage in the proceedings there is little available to the Court that

14   would constitute a satisfactory lesser sanction while protecting the Court from further

15   unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this

16   action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

17   likely to have no effect given that Plaintiff has ceased litigating his case.

18   **IV.    Conclusion and Recommendation**

19         Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

20   RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim, for

21   failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

22         These Findings and Recommendation will be submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

24   **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

25   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

26   Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

27   ///

28   ///

7

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 20, 2019**__          ___/s/ *Barbara A. McAuliffe*___
                                          UNITED STATES MAGISTRATE JUDGE